■ In the Matter of the CITY OF ROCHESTER, Appellant, Relative To Acquiring Title To Real Property Required for an Urban Renewal Project, in Front Street and Other Streets, Known as GENESEE CROSSROADS in the City of Rochester. STATE STREET HOLDING CORPORATION et al., Respondents.— Judgment and order unanimously affirmed, with costs. Memorandum: The findings of the trial court are incomplete and inadequate. The court awarded a stated sum but failed to allocate such amount between land and ·buildings. It further failed to reveal what method it used in arriving at its determination. We have previously adverted to similar deficiencies in decisions in condemnation proceedings made in Monroe County Supreme Court (cf. *Matter of City of Rochester* [*Genesee Crossroads*], 30 A D 2d 1033; *Matter of City of Rochester* [*Genesee Crossroads*], 29 A D 2d 1045). To avoid the delays incident to a remand of the case for appropriate findings we have assumed the burden of re-evaluating the proof and making additional findings. (Cf. *Shafer Bldg. Corp.* v. *State of New York*, 29 A D 2d 832.) If repeated deficiencies by the trial court are continued in future cases we shall remand the matters for adequate findings to supply these deficiencies which the trial courts continue to make despite what we have written in the past. Upon the trial all experts agreed that the economic approach was the proper method of fixing values. We concur and further agree with one of respondents' appraisers that the land and buildings should be valued as a single unit. We fix land value at $850,000. Gross rental income (estimated) from both buildings is found to be the annual sum of $230,000. Estimated annual expenses and allowances for vacancies is fixed at $55,000 leaving estimated net income of $175,000. We attribute therefrom to the land $51,000 ($850,000 at 6%) leaving the sum of $124,000 attributable to the improvements (including fixtures). This sum we capitalize at 11.5% (the opinion of the several experts ranged between 8.559% and 15%) which produces $1,078,260 (say $1,075,000) as the value of the improvements. These found land and improvement values ($1,075,000 plus $850,000) produce a total of $1,925,000 the value fixed by the trial court. (Appeal from judgment and order of Monroe Trial Term in action for permanent appropriation.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.

■ DEWARD DAMON et al., Appellants, v. KRAFT FOODS DIVISION, NATIONAL DAIRY PRODUCTS CORP., Respondent.— Order unanimously affirmed, without costs. Memorandum: Special Term correctly determined that the marketing agreements between the parties were not contrary to law and properly granted defendant's motion for summary judgment and dismissed the complaint. Inasmuch as the terms and conditions of the marketing agreements complied in all respects with the applicable provisions of the New York State Agriculture and Markets Law, it was unnecessary for Special Term to consider whether this was a class action or whether the contracts were co-operative marketing agreements. In affirming the validity of the agreements we do not reach or pass upon these questions. (Appeal from order of Erie Special Term granting motion for summary judgment in declaratory judgment action.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.