■ In the Matter of the Town of Islip, Appellant, Relative to Acquiring Title to Real Property Duly Selected as a Site for Municipal Purposes in the Hamlet of Islip. Harrison Ventures, Inc., Respondent.—In a condemnation proceeding, the condemnor (town) appeals from an order and decree of the Supreme Court, Suffolk County, entered September 12, 1974, which, after a nonjury trial, fixed the amount of compensation to be awarded to the condemnee. Order and decree affirmed, with costs. Upon the trial of this proceeding, the two opposing experts each based their differing valuations on two distinct methods of appraisal, namely, reproduction cost less depreciation and the economic or income-capitalization method. The trial court

accepted the former method, rejecting the latter method on the ground that the experts reached their conclusions on the basis of the cost approach method and used the income approach only to check those conclusions. Reproduction cost less depreciation as a measure of value is limited to a specialty *(Matter of City of New York [Lincoln Sq. Slum Clearance Project], 15 AD2d 153, 171, affd 12 NY2d 1086)*, a classification into which the subject two-story professional office building clearly does not fall (cf. *St. Agnes Cemetery v State of New York, 3 NY2d 37, 46)*. It was therefore error to use this method of valuation and to reject the income-capitalization approach, which is the only proper method of valuing the subject premises (see *Matter of City of New York [De Nigris-De Nigris Realty Corp.], 20 AD2d 42)*. There is sufficient evidence in the record to permit this court to use the income-capitalization method to value the property and to thereby avoid the delays incident to a remission of the proceeding for appropriate findings. We have thus assumed the burden of re-evaluating the proof and of making additional findings (cf. *Matter of City of Rochester [State St. Holding Corp.], 32 AD2d 731)*. Upon the trial both experts agreed that the income approach was the preferable method of fixing values. We concur and fix land value at $70,000, as found by the trial court. Gross rental income (estimated) from the building is found to be the annual sum of $36,210 (as found by claimant's expert, as to which the town's expert agrees and feels should even be somewhat more). Estimated annual expenses and allowances for vacancies is fixed at claimant's figure of $10,396, leaving an estimated net annual income of $25,814. We attribute therefrom to the land $4,200 ($70,000 at 6%), leaving the sum of $21,614 attributable to the building. This sum we capitalize at 10.8% (the opinions of the experts ranged between 9.51% and 12.5%), which produces $200,129 (say $200,000) as the value of the building. These found values ($200,000 and $70,000) produce a total of $270,000 as the fair market value of the property, which is substantially equal to the value of $269,300 found by the trial court. We therefore affirm, albeit on a theory different from that adopted by the trial court. Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.